UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES IRA JACKSON,

Plaintiff,

Case No.2:25-CV-00065-JLB-NPM

v.

SHEVAUN L. HARRIS, KRISTEN KANNER, RAVEN REID, WELLPATH GROUP HOLDINGS, LLC, WELLPATH RECOVERY SOLUTIONS, WELLPATH RECOVERY SOLUTIONS LLC, RECOVERY SOLUTIONS LLC, RECOVERY SOLUTIONS, JORGE DOMINICIS, BEN SLOCUM, JEREMY BARR, TONY TAMER, CINDY WATSON, DR. THOMAS PANGBURN, CARLA WALLACE, CASEY MCCLUSKEY PARKER, DAVID WALTZER, ZEIA GUIROL, DAVID CROCKER, MARK GOLDSTONE, JUSTIN SEARLE, KIP HALLMAN, DR. TAYLOR SITHIAN, PATRICK J. KENNEDY, VALERIE MONTGOMERY RICE, M.D.; SCOTT WELCOME, ERIN HERDA, KRISTIN ALLRED, LYNN COLE, ANDREW HOFFMAN, TERRY ROWAL, DIANA ACOSTA, KERRY MANGOLF, TERESA KOERERHIN, CONSTANCE WOULARD, ADAM THAU, GENNA MARX BRISSON, KATHY O'NEILL, JESSE PHELPS, KATHIE LIOGIES-WAYBACK, SAMI MAAYMNEH, DR. DONALD

SAWYER, JON CARNER, SELINA WILLIAMS, DR. COURTNEY JONES, CAROL DEPASS, D. PY7845, SMART COMMUNCIATIONS, FLORIDA CIVIL COMMITMENT CENTER, MR. ANDERSON, MR. BROWN,

Defendants,
_________________________________/

**CIVIL ACTION ORDER FOR CONFINED PLAINTIFF CASES**[1]

The Court enters this Civil Action Order to govern this action. Parties proceeding without a lawyer and all counsel must comply fully with this Order.

**1. Disclosure Statement**

With the first appearance, each party must file a disclosure statement with the Court. *See* Rule 7.1; Local Rule 3.03. For this purpose, a template Disclosure Statement is attached. If not yet done, each party must **IMMEDIATELY** complete and file this Disclosure Statement. The failure to do so may preclude any relief being granted by the Court, including extensions of time. Each party must also complete and file, as a separate docket entry, the attached Notice of a Related Action. Notwithstanding the instruction in the Uniform Case Management Report, **a Notice of Related Action must be filed in all cases in the Fort Myers Division, even if**

[1] For cases involving incarcerated, detained, or civilly committed plaintiffs.

**no related action exists.**

**2. Continuing Duty to Confer and Update the Court**

After a motion is filed, and so long as it remains pending, the parties have a mutual obligation to continue to confer in good faith to narrow or resolve the issue(s) presented and promptly apprise the Court of any issue(s) resolved.

To properly discharge their Local Rule 3.01(g) obligation, movants must confer with the parties to the action and any non-party against which any relief is requested.

> "The purposeful evasion of a communication under this rule can result in a sanction." Local Rule 3.01(g).

**3. Emergency Motions**

Before filing a motion designated as an "emergency" or "time-sensitive," the movant must review Local Rule 3.01(e); *Henry v. The Fla. Bar*, No. 6:15-cv-1009-ORL-41TBS, 2015 WL 13590158 (M.D. Fla. Sept. 28, 2015); and *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-00557-T-27EAJ, 2013 WL 12173591 (M.D. Fla. Nov. 13, 2013), and then call the assigned magistrate judge's chambers to apprise about the filing.

> "The unwarranted designation of a motion as an emergency can result in a sanction." Local Rule 3.01(e).

**4. Motions to Strike**

The Court generally disfavors motions to strike and often considers

them timewasters. Before filing a motion to strike, the movant must review *Yellow Pages Photos, Inc. v. Ziplocal, LP*, No. 8:12-cv-755-T-26TBM, 2012 WL 12920185 (M.D. Fla. Sept. 17, 2012), and *United States Sec. & Exch. Comm'n v. Spartan Sec. Grp., LTD*, No. 8:19-cv-448-T-33CPT, 2019 WL 3323477 (M.D. Fla. July 24, 2019), and then explain in the motion why the requested relief is warranted notwithstanding the rationale and authorities cited therein.

**DONE** and **ORDERED** in Fort Myers, Florida on February 14, 2025.

/s/ *Sheri Polster Chappell*
Sheri Polster Chappell
United States District Judge

/s/ *John Badalamenti*
John Badalamenti
United States District Judge

/s/ *John E. Steele*
John E. Steele
Senior United States District Judge

/s/ *Kyle C. Dudek*
Kyle C. Dudek
United States Magistrate Judge

/s/ *Nicholas P. Mizell*
Nicholas P. Mizell
United States Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Plaintiff, Case No.

v.

Defendant,
_________________________________/

**[]'S DISCLOSURE STATEMENT**
**UNDER RULE 7.1, FEDERAL RULES OF CIVIL PROCEDURE, AND LOCAL RULE 3.03**

1. Is the filer a non-governmental corporate party or non-governmental corporation moving to intervene?

   ☐ No.

   ☐ Yes, and

   ☐ These parent corporations and publicly held corporations own 10% or more of the filer's shares: [].

   ☐ The filer has no parent corporation.

   ☒ No publicly held corporation owns 10% or more of the filer's shares.

2. Is the court's jurisdiction based on either 28 U.S.C. § 1332(a) or 28 U.S.C. § 1332(d)?

   ☐ No.

   ☐ Yes, and this is the name and citizenship of each person or entity whose citizenship is attributed to the filer: [].

a. Is the court's jurisdiction based on 28 U.S.C. § 1332(a) and the filer a limited liability company or other unincorporated entity?

☐ No.

☐ Yes, and the filer has identified each member and the citizenship of each member and, if a member is another unincorporated entity, each member of that entity and that member's citizenship, and so on.

b. Is the court's jurisdiction based on 28 U.S.C. § 1332(d) and the filer a limited liability company or other unincorporated entity?

☐ No.

☐ Yes, and the filer has identified citizenship in accord with 28 U.S.C. § 1332(d)(10).

c. Is the filer an insurer?

☐ No.

☐ Yes, and the filer has identified citizenship in accord with § 1332(c)(1).

d. Is the filer a legal representative?

☐ No.

☐ Yes, and the filer has identified citizenship in accord with 28 U.S.C. § 1332(c)(2).

e. Has the filer identified any corporation?

☐ No.

☐ Yes, and for each, the filer has identified citizenship in accord with 28 U.S.C. § 1332(c)(1).

f. Has the filer identified any natural person?

☐ No.

☐ Yes, and for each, the filer has identified citizenship in accord with the person's domicile, which does not necessarily correspond to the person's residence.

3. Is there any other person or entity that has or might have an interest in the outcome of the action, including any interested or potentially interested lawyer, association, firm, partnership, corporation, limited liability company, subsidiary, conglomerate, affiliate, member, and other identifiable and related legal entity?

☐ No.

☐ Yes. These additional persons and entities have or might have an interest in the outcome of the action: []

4. Might the outcome of this action affect any entity, not yet identified, with publicly traded shares or debt?

☐ No.

☐ Yes, and this is the entity: [].

5. Is this a bankruptcy action?

☐ No.

☐ Yes, and the debtor is [].

☐ Yes, and the members of the creditors' committee are [].

6. Is this a criminal case?

☐ No.

☐ Yes, and these persons are arguably eligible for restitution: [].

7. Is there an additional entity likely to actively participate in this action?

☐ No.

☐ Yes, and this is the entity: [].

8. Does the filer certify that, except as disclosed, the filer is unaware of an actual or potential conflict of interest affecting the district judge or the magistrate judge in this action, and the filer will immediately notify the judge in writing within fourteen days after the filer knows of a conflict?

☐ Yes.

Signed:

[]

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Plaintiff, Case No.

v.

Defendant,
_______________________________/

**NOTICE OF RELATED ACTION**[2]

Under Local Rule 1.07(c), "lead counsel has a continuing duty to file promptly a "Notice of Related Action" identifying and describing any related action – either pending or closed – in the Middle District or elsewhere." **But for removal cases, the parties need not identify the original state-court proceeding in this Notice.** Notwithstanding the instruction in the Uniform Case Management Report, a Notice of Related Action must be filed in all cases in the Fort Myers Division, even if no related action exists.

Counsel and unrepresented parties must also inform the Court about any related cases previously filed with any court or administrative agency. And counsel and unrepresented parties have a continuing duty to promptly inform the Court of any newly filed similar or successive cases by filing an Amended Notice.

I certify that the above-captioned case:

[2] When filing via CM/ECF, use the "Notice of a Related Action" event under Civil Events-Other Filings-Notices.

| | |
|---|---|
| ☐ | **IS** related to pending or closed civil or criminal case(s) previously filed in this Court, or any other federal or state court, or administrative agency as indicated below:<br>Click or tap here to enter text.<br>Click or tap here to enter text. |
| ☐ | **IS NOT** related to any pending or closed civil or criminal case filed with this Court, or any other federal or state court, or administrative agency.<br>Click or tap here to enter text.<br>Click or tap here to enter text. |

____________________________________
[signature of counsel or unrepresented party
*see* Fed. R. Civ. P. 11(a)]

DATE: