UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES IRA JACKSON,

Plaintiff,

v. Case No. 2:25-cv-65-JLB-KCD

JARAD ANDERSON, et al.,

Defendants.
_________________________________/

**ORDER**

James Ira Jackson, a civilly-committed resident of the Florida Civil Commitment Center (FCCC), commenced this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983. (Doc. 1.) The Court dismissed the complaint on initial screening as insufficiently pleaded. (Doc. 5.) Plaintiff filed an amended complaint (Doc. 8), which is now before the Court for screening under 28 U.S.C. § 1915(e)(2)(B).[1]

[1] A plaintiff who seeks to proceed in forma pauperis in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the Court to dismiss a civil action prior to service of process when the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissals under 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim are governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). Despite Plaintiff's non-prisoner status, his amended complaint is subject to initial review under 28 U.S.C. § 1915(e)(2)(B). See Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (recognizing that the district court did not err when it reviewed a complaint filed by a civil detainee under 28 U.S.C. § 1915(e)(2)(B)).

After careful review, the Court once again dismisses the amended complaint as insufficiently pleaded and for failing to state a claim on which relief can be granted.

**Background and Amended Complaint**

In his original complaint, Plaintiff named 51 defendants in a 48-page handwritten pleading. (Doc. 1.) The complaint raised a general litany of alleged wrongs suffered by Plaintiff during his time at the FCCC. The Court screened the complaint and explained that it could not discern a plausible cause of action because Plaintiff had filed an impermissible "shotgun pleading":

> Plaintiff's complaint . . . is both too broad and too vague: he joins multiple, unrelated claims and defendants; he does not specify which claims he seeks to bring against each of the 51 named defendants; he makes conclusory and vague allegations, yet also includes allegations that have no obvious connection to any claim; and he does not specify the injuries each defendant's actions or omissions allegedly caused him. In short, Plaintiff's complaint is an impermissible "shotgun pleading."

(Doc. 5 at 3.) The Court further explained that unrelated claims belonged in separate complaints and that "without an affirmative causal connection to a constitutional violation, [the defendants'] supervisory positions do not subject these defendants to liability." (Id. at 4.) Because Plaintiff proceeded *pro se* and it was unclear whether he could state a cognizable claim in a more carefully drafted complaint, the Court directed Plaintiff to file an amended complaint clarifying his claims if he wished to proceed. (Id. at 2, 5.) He filed an amended complaint on April 8, 2025. (Doc. 8.)

Plaintiff names five defendants in his (unsigned) amended complaint. (Doc. 8.) And while he generally asserts that each defendant violated the Constitution or institutional rules, Plaintiff does not provide a single date or description of a specific alleged wrong. For example, he alleges that FCCC Facility Administrator, Defendant Jarad Anderson, "[has] the right to stop the prison's cruel unrule [sic] punishment of this facility but refuses to do so which is a facility rule violation." (Id. at 5.)[2] He further asserts that the facility's rules provide that "no one shall be subjected to torture or to cruel, inhumane, or degrading treatment or punishment." (Id.) However, he does not explain how, when, or even if these rules were violated. Likewise, he asserts that Defendants Serina Williams (Assistant Facility Director) and Anderson are not "doing anything to fix this mess that [they] and the whole administration refuse to fix or handle properly[.]" (Id. at 6.) Plaintiff asserts that Security Director, Defendant Glean Brown, "and the whole administration got the whole compound on lock down because they said they can do what the fuck they want to do." (Id.) Plaintiff appears to argue that lock down status violates the Constitution's prohibition against slavery. (Id.) Plaintiff alleges that team leader, Defendant Courtney Jones, oversees the residents' treatment, but the treatment staff refuses to advance residents through treatment because "they keep getting pay by holding residents back." (Id. at 7.) Plaintiff asserts that Defendant Jon Carner

[2] For clarity, the Court makes minor grammar and spelling alterations to Plaintiff's statements.

"is over the whole Florida Civil Commitment Center where he doesn't care if we live or die. It's only about the money and nothing else." (Id. at 7.)

## I. Discussion

The Federal Rules of Civil Procedure provide the framework for minimal pleading standards for a complaint. A civil rights complaint must include a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Rule 10 instructs that a complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). While a complaint need not include detailed factual allegations, a plaintiff must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Indeed, a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). In other words, a plaintiff must allege sufficient facts for "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Here, Plaintiff's amended complaint does not comply with these minimal standards. While Plaintiff generally alleges that the defendants have either wronged him—or allowed him to be wronged by others—he does not explain how or when the alleged wrongs occurred. For example, while Plaintiff suggests that he is entitled to equal protection of the law and argues that discrimination is illegal, he provides no facts even suggesting that he was discriminated against or denied equal protection in any manner. (Doc. 8 at 5.) In short, Plaintiff offers only the

unadorned "the-defendant-unlawfully-harmed-me accusation[s]" eschewed by the Supreme Court in Iqbal. 556 U.S. at 678. Thus, the pleading defects deprive each defendant of "fair notice" as to the nature of Plaintiff's claims and the grounds on which they are predicated. Twombly, 550 U.S. at 555 n.3 (2007); see also Weiland v. Palm Beach Cnty. Seriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015) (observing that the "[t]he unifying characteristic" of complaints that fail to satisfy Rules 8 and/or 10 "is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests"); Franklin v. Curry, 738 F.3d 1246, 1250 (11th Cir. 2013) ("It is important that defendants be apprised of the conduct that forms the basis of the charges against them.").

Moreover, in its first screening order, the Court advised Plaintiff that he could not attribute liability to a defendant based solely upon his or her supervisory position. (Doc. 5 at 4.) The Court explained:

> [W]ithout an affirmative causal connection to a constitutional violation, [the defendants'] supervisory positions do not subject [them] to liability. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). The required "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so[,]" Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990), or when "the supervisor's improper 'custom or policy result[s] in deliberate indifference to constitutional rights.' " Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the

> subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010).

(Id. at 4–5.) Plaintiff's amended complaint does not allege a sufficient causal connection to the defendants' actions and a constitutional violation. Plaintiff does not allege that any named defendant personally engaged in unconstitutional actions that violated his constitutional rights. And while Plaintiff does generally allege widespread abuse at the FCCC, he has not identified any specific instances of abuse sufficient to put the defendants on notice of widespread unconstitutional activity at the facility.

## II. Conclusion

Plaintiff's complaint is dismissed as insufficiently pleaded, and it does not state a claim on which relief may be granted. Generally, a district court affords a *pro se* plaintiff an opportunity to amend his complaint "unless the plaintiff expresses a desire not to amend or an amendment would be futile." Watkins v. Hudson, 560 F. App'x 908, 911 (11th Cir. 2014). However, Plaintiff already had a chance to amend his complaint and ignored the Court's instructions on how to correct the pleading's deficiencies. Therefore, the Court is not required to give Plaintiff leave to file a second amended complaint. See Cornelius v. Bank of America, NA, 585 F. App'x 996, 1000 (11th Cir. 2014) ("Because Cornelius already had been given an opportunity to correct his pleadings, the judge was not required to give him another chance."). And given that Plaintiff did not follow the Court's earlier directives, "[t]here is no indication that, given a third bite at the apple,

[Plaintiff] would correct the numerous deficiencies in his complaint." Id. Therefore, the Court also finds that amendment would be futile.

Accordingly, it is now **ORDERED**:

1. Plaintiff's amended complaint is **DISMISSED without prejudice** as a shotgun pleading and for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Clerk is directed to terminate any pending motions, enter judgment in favor of the defendants, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 18, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE